UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.D.,

        Petitioner,

-against-

THOMAS DECKER, et al.,

        Respondents.

22-CV-3063 (VSB) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/22

Before the Court is the unopposed motion (Dkt. No. 2) of petitioner S.D. for an order granting leave to proceed in this immigration *habeas* matter anonymously, using only his initials. For the reasons set forth below, the motion will be denied.

## Background

Petitioner is a Lawful Permanent Resident (LPR) of the United States, having immigrated from the Dominican Republic as a teenager in 1992. *See* Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) (Pet.) ¶ 19. He has a mild intellectual disability, a history of mental illness, and a criminal record. *Id.* ¶ 20. For the past nine months he has been held at the Orange County Correctional Facility in Goshen, New York, pursuant to the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(B), after immigration officials arrested him on July 10, 2021 and initiated removal proceedings pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), which permits the deportation of any alien who, after admission, is convicted of two of more crimes of moral turpitude. *See* Pet. ¶¶ 23-24, Ex. B.

In his removal proceedings, petitioner conceded the charge but has filed applications for asylum, withholding of removal, protection under the Convention against Torture, and LPR cancellation. Pet. ¶¶ 25, 29. In those applications he argues that he "fears persecution and torture if deported from the United States due to his disability, mental health diagnoses, and status as a criminal deportee." Pet. Mem. of Law (Dkt. No. 3) at 3. In his *habeas* petition, he seeks an order

requiring respondents to release him pending the completion of his removal proceedings or, in the alternative, requiring them to provide him with an individualized bond hearing. Pet. at 28-29. He argues that his prolonged incarceration without such a hearing violates the Due Process Clause, particularly in light of his mental illness and the "grave risk of further decompensation and harm should he remain detained." Pet. ¶¶ 59, 64-66. In his motion for leave to proceed anonymously, petitioner again relies on his fear of persecution in his home country, his intellectual disability, and his mental illness, arguing, in effect, that he should not be required to discuss those issues in this Court under his own name. Pet. Mem. of Law at 3-5.

## Analysis

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." This rule, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings[.]" *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 188-89 (2d Cir. 2008). Identifying the parties to a litigation "is an important dimension of publicness, as people have a right to know who is using their courts." *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (citation omitted). Concealing a party's full name violates the public's right to access judicial proceedings. *See Doe v. Barr*, 2020 WL 4748297 (S.D.N.Y. Aug. 16, 2020) ("The use of pseudonyms in place of the true identities of the parties runs afoul of the public's common law right of access to judicial proceedings . . . a right that is supported by the First Amendment.") (citation omitted). Consequently, leave to proceed anonymously is typically reserved for particularly sensitive cases. *See Michael v. Bloomberg L.P.*, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (denying leave to proceed anonymously where the case was not "the

type of unusual case involving matters of a highly sensitive or personal nature – i.e., claims involving sexual orientation, pregnancy, or minor children – in which courts have justified anonymous plaintiffs proceeding pseudonymously").

As petitioner correctly identifies, courts in our Circuit use a ten-factor balancing test for determining whether a party may proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff,* 537 F.3d at 189-90 (internal punctuation and citations omitted). This set of factors is non-exhaustive and requires the court to exercise its discretion when weighing competing interests. *Id.*

Upon consideration of the factors laid out in *Sealed Plaintiff* and the facts of this case, I conclude that petitioner has not satisfied the test for proceeding anonymously. First, while petitioner's intellectual disability and mental illness may be "sensitive" and "personal," Pet. Mem. of Law of 3-4, they are hardly secrets. *See*, *e.g.*, Pet. ¶ 21 (describing petitioner's criminal convictions in New York and noting that after an assault conviction in 2021 he served his sentence "in the psychiatric unit on Rikers Island"). Nor is his criminal record private. *See Doe v. Greiner*, 662 F.

3

Supp. 2d 355, 360 (S.D.N.Y. 2009) (denying leave to proceed anonymously in a criminal *habeas* case because, among other things, the case concerned the petitioner's robbery conviction rather than any "matters that are highly sensitive or that implicate issues of privacy").

Second, although petitioner asserts in his brief that identifying him by name in this action "poses a significant risk of retaliation," Pet. Mem. of Law at 4, he has presented no evidence – much less admissible evidence – of any such harm. Instead, he points to paragraph 12 of the attorney declaration attached to his petition, *id.*, which says nothing at all about retaliation. Counsel states only that petitioner has filed for "asylum, withholding of removal, [and] protection under the Convention against Torture (CAT) based on his mental health, intellectual disability, and status as a criminal deportee." Joseph Decl. (Dkt. No. 1-3) ¶ 12.[1] Unless the mere filing of such applications justifies the applicant in prosecuting any related legal proceedings anonymously – a proposition this Court does not accept – that is not enough. *See Pilcher*, 950 F.3d at 43 (affirming denial of motion by registered sex offender to prosecute a *habeas* petition anonymously where, among other things, his claim that he risked retaliation and harm to his children and marriage if he was identified was "unsubstantiated"). Moreover, the issues presented in this action are by no means "purely legal." To the contrary: as petitioner acknowledges, a Due Process challenge to prolonged detention under § 1226(c) requires a "fact-specific analysis," Pet. ¶ 55, including, among other things, consideration of petitioner's intellectual disability and mental illness.

To be sure, not all of the *Sealed Plaintiff* factors weigh against the petitioner. For example, the fact that petitioner is litigating against the government weighs in his favor. However, this is not enough to overcome the weight of the factors against him, *see Doe v. City of New York*, 2021

---

[1] On March 22, 2022, the Immigration Judge ruled that petitioner was not eligible for LPR cancellation, asylum, or withholding of removal, but only for deferral of removal under the CAT. Joseph Decl. ¶ 23. Petitioner's individual hearing on that application is scheduled for May 3, 2022. *Id.* ¶ 24.

4

WL 964818, at *2 (S.D.N.Y. Mar. 15, 2021) ("[a]lthough this case does involve a suit against a government entity, this factor alone is not dispositive"), or the presumption in favor of open judicial proceedings. That presumption is particularly strong where, as here, the petition "raise[s] questions about the quality of justice that Petitioner received during [his removal proceedings], and thereby implicate[s] important issues of public concern" which are ordinarily "resolved in public proceedings." *Greiner*, 662 F. Supp. 2d at 360-61.

### Conclusion

Petitioner having failed to overcome the "presumption in favor of public access to court proceedings and records," *Pilcher*, 950 F.3d at 43, his motion for leave to proceed anonymously, using only his initials, is DENIED. No later than **May 11, 2022**, petitioner shall file an amended pleading using his full name. This ruling is without prejudice to petitioner's right to apply for a narrower sealing or redaction order, as appropriate, regarding any particularly sensitive documents or portions thereof, in accordance with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), and its progeny.

Dated:   New York, New York
         April 27, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**