The Bronx Defenders
360 East 161st Street
Bronx, NY 10451
t: 718.838.7878
f: 718.665.0100

May 4, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/22

*Via ECF*

Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

**Re:    D. v. Decker, at al., No. 22-cv-3063**

Dear Judge Moses:

I represent Petitioner S.D. in his petition for a writ of habeas corpus filed on April 13, 2022. On April 14, 2022, the petition was assigned to Judge Vernon S. Broderick. Your Honor was designated as magistrate and a referral for the habeas matter was so-ordered the following day. Dkt. No. 5.[1] Because the docket entry text specifically stated that motions are referred to Your Honor, this letter motion is addressed accordingly. We now respectfully move the Court to grant leave to re-file two exhibits of the forthcoming amended petition under seal: Exhibit D, Letter from Social Worker Enmanuel Garcia ("Garcia Letter") and Exhibit E, Dr. Ucik Medical Record Review. Counsel for Respondents, Tara Schwartz of the United States Attorney's Office does not oppose this motion for sealing.

Concurrently with the habeas petition, Petitioner filed a motion to proceed anonymously, by initials only. The Court denied that motion on April 27, 2022, Dkt. No. 9, without prejudice to any future application for narrower sealing or redaction. Petitioner will be refiling the habeas petition and accompanying exhibits with his full name, in accordance with the April 27 order. In advance of refiling before the Court's May 11, 2022 deadline, petitioner requests leave to file the Garcia Letter and Dr. Ucik Medical Record Review under seal. The exhibits are currently docketed as 1-4 and 1-5.[2]

---

[1] The notification stated, "[p]ursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge." The parties have conferred, and it is our understanding that the referral is for Report and Recommendation, as consent was not given to proceed before a magistrate.

[2] To give effect to the requested sealing, Petitioner simultaneously requests, in a separate letter motion, that existing Exhibits D and E, Dkt. Nos 1-4 and 1-5, which were filed without sealing or redaction due to the exclusion of Petitioner's name in the initial habeas petition, be stricken from the record. *See* Letter Motion to Strike, dated May 4, 2022.

In assessing whether to grant a motion to file under seal, the Court must determine the weight of the presumption of access to information and subsequently balance competing considerations against it. *United States v. Amodeo* ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995). The request should be narrowly tailored to serve the purpose justifying the sealing. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

There is good cause to grant leave to re-file these exhibits under seal, as the sensitive, personal and medical nature of the information sought to be shielded from public view outweighs the presumption of access to information, and this request—for the sealing of two exhibits—is narrowly tailored to meet that purpose. First, with respect to the Garcia Letter, the majority of the six-page letter is comprised of highly sensitive personal and medical information, presented in narrative form, detailing where S.D. will reside upon release, including the name of the organization that coordinates housing in reentry hotels; the name, address, and description of the clinic at which he will seek outpatient psychiatric care; a detailed description of his mental health diagnoses, the process by which those diagnoses were reached by Dr. Vasquez-Casals, and treatment recommendations. This Court recognizes "medical records" as well as "treatment and diagnosis" as categories of information that should be considered for redaction. ECF Rules & Instructions 21.4 (May 2, 2022 Edition). While redaction of home addresses is only required for criminal cases, Fed. R. Crim. Pro. 49.1(a), home addresses are still sensitive personal information subject to protection by this Court. *See id.* at 21.3.[3] Though the habeas petition itself discloses the nature of S.D.'s medical diagnoses, the Garcia Letter covers in detail the personal and medical information relevant to his psychological assessment, ultimate diagnoses, and detailed treatment plan such that the exhibit should be filed under seal and shielded from public view. In the alternative, Petitioner moves this Court for leave to re-file the Garcia Letter with pages two (2) through five (5) redacted in their entirety.

Second, with regard to the Dr. Ucik Medical Record Review, the entirety of the document, except for a description of Dr. Ucik's medical qualifications, is a summary of S.D.'s medical records containing detailed medical and mental health assessments, test results, diagnoses, and descriptions of hospital visits. As stated above, this type of document, that is comprised of narrative medical and mental health information, fits squarely within the type of records that this Court recognizes should be protected from public view. *See* ECF Rules & Instructions 21.4; *United States v. Martoma,* No. S1-12-CR-973 (PGG), 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (acknowledging that courts "grant the greatest protection" to medical, health-related, family, and personal financial information).

---

[3] Many judges in this district support protecting such information; in those cases, redaction of medical records and home addresses are permitted without prior court approval. *See, e.g.* Judge Abrams Individual Rules & Practices in Civil Cases (Feb. 6, 2020), Rule 5.A.i ("Parties should not include in their public filings, unless necessary, the five categories of 'sensitive information' (i.e., ...home addresses [use only the City and State]….Parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., ...medical records [including information regarding treatment and diagnosis]….."); Judge Broderick Individual Rules and Practices in Civil Cases (Feb. 4, 2022), Rule 5.B.i. (same); Judge Englemayer Individual Rules and Practices in Civil Cases (Apr. 14, 2021), Rule 4.B.1. (same).

Although the presumption of public access to information is strong, the highly sensitive and personal nature of the information outweighs that presumption in this case. Petitioner S.D. respectfully requests that the Court grant leave to file the aforementioned exhibits under seal.

Thank you for your consideration of this submission.

        Respectfully submitted,

        */s/ Jessica Swensen*
        Jessica Swensen
        THE BRONX DEFENDERS
        360 East 161st Street
        Bronx, New York, 10451

---

Application GRANTED for substantially the reasons set forth in petitioner's letter. Petitioner may file Exhibits D and E to his forthcoming amended petition under seal. The Clerk of Court is respectfully directed to place Exhibits D and E to the original petition (Dkt. Nos. 1-4 and 1-5) under seal as well, at the "applicable parties" viewing level. SO ORDERED.

*[signature]*
_____
Barbara Moses
United States Magistrate Judge
May 5, 2022